IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| VICTOR BRIAN VEGA, #1447025 | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv53 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

This case was referred to United States Magistrate Judge Amos L. Mazzant, who issued a Report and Recommendation concluding that the petition for writ of habeas corpus should be denied and dismissed with prejudice. Petitioner filed objections.

In Petitioner's objections, he objects to only one issue from the Report and Recommendation. Thus, he is barred from *de novo* review by the district judge of the remaining findings, conclusions, and recommendations, and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner reurges his complaint that Petitioner was wrongly convicted because Petitioner's trial counsel did not request an election from the State as to which sexual incidents it was relying upon for proof of its case against Petitioner. He contends that if the State had been required to

1

specify the offense conduct underlying each count, Petitioner may have been acquitted of one of the three counts. He maintains that counsel was not making a strategic choice. Petitioner concedes that the victim testified that she visited Petitioner's apartment (in Denton County) eight to ten times, and had both oral and vaginal sex on each occasion. Petitioner notes that, "If true, these incidents would support two other convictions."

As shown in the Report and Recommendation, the trial court made proposed findings of fact and conclusions of law, which were adopted by the Court of Criminal Appeals when it denied state habeas relief. The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 1849, 152 L. Ed.2d 914 (2002); *see Williams*, 529 U.S. at 404, 120 S. Ct. at 1519. A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

The trial court's amended findings include (citations omitted):

The parties agree, and the Court finds, that the child complainant testified that

Applicant had oral and vaginal sex eight to ten times with the child complainant at Applicant's apartment in Denton County, but the first time the child complainant and Applicant had oral and vaginal sex was at her residence in Collin County. Applicant had the complainant perform oral sex on him a "few times" while driving on a county road.

Applicant's trial counsel did not request the State to elect which instance of vaginal or oral sex it was using to obtain convictions.

After Applicant's writ application had been filed, and after the State had filed an answer and proposed findings of fact and conclusions of law, Applicant submitted an affidavit prepared by his trial counsel. In this affidavit counsel stated he did not request an election by the State because the complainant's testimony was not specific enough to serve as a basis for an election.

Although it appears to the Court that Applicant had a reasonable reason not to file an election in this cause, the Court makes no finding as to any deficiency exhibited by Applicant's trial [counsel] by not filing a request for an election.

Even if counsel's performance was constitutionally deficient based on a single omission, Applicant has not demonstrated, and cannot demonstrate, that he was prejudiced under the prevailing legal standard, as noted under the Court's conclusions of law. This Court will not require additional fact-finding in order to recommend disposition of Applicant's claim.

The question of venue has been previously rejected by the Fort Worth Court of Appeals. Further, the jury was instructed in this case that it could not convict unless it found by a preponderance of the evidence that the offenses happened in Denton County, Texas.

*Ex parte Vega*, Application No. WR 72,986-01, at 86-87. The state habeas court also included conclusions of law (citations omitted):

Mere conclusory statements are not adequate to justify habeas relief.

The State is not required to prove specific dates alleged in the indictment, only that an offense occurred before the date of the indictment and within the statute of limitations.

It is a matter of trial strategy whether a criminal defense attorney requests an election from the State.

> A claim is not cognizable on habeas if it has already been considered on direct appeal, and if the Applicant offers no facts that were not before the trial court.
>
> Evidence of other crimes, wrongs, or acts committed by a defendant against a child who is the victim of the alleged offense is admissible to show the state of mind of the defendant and the relationship between the defendant and the child. Here, Applicant could not have had extraneous offenses excluded even if he had requested an election.
>
> There was no danger here that the jury convicted Applicant of three counts of aggravated sexual assault on a lesser standard beyond a reasonable doubt, merely because the first sexual interaction happened in a neighboring county.
>
> Here, there was no danger that the jury convicted Applicant with a nonunanimous verdict since the Collin County episode could not have been used by the jury to convict for any of the counts. And although the county road oral sex could have applied to Count III, the complainant's rather insignificant mention of oral sex on a county road did not alter the typical scenario of Applicant having oral and vaginal sex multiple times with the complainant at Applicant's apartment. It appears certain that since the jury used the occasions in Applicant's apartment to convict in Counts I and II, it would also have used the same evidence to convict in Count III.
>
> As to Counts I and II, all the offenses in Denton County occurred at Applicant's apartment and since there was no other distinguishing feature, there was no notice problem. As to Count III, where the only distinguishing feature was location, there is no serious doubt that the State would have elected Applicant's apartment as the location, had it been forced to elect, since the complainant's testimony about what happened eight to ten times at Applicant's apartment would have sufficed to convict under all three alleged offenses.
>
> Even if Applicant's trial counsel's performance was constitutionally deficient based on his refusal to request an election, Applicant was not prejudiced by his counsel's purported deficiency under the second prong of *Strickland v. Washington*.
>
> The Court recommends that Applicant's writ application be denied since Applicant has not shown his counsel was professionally deficient for a single alleged failure and since he has not, and cannot, establish prejudice under the *Strickland* standard.

*Ex parte Vega*, Application No. WR 72,986-01, at 87-89. Petitioner has failed to establish that there

is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the

4

proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2065, 2068, 80 L. Ed.2d 864 (1984). In the context of § 2254(d), the deferential standard that must be accorded to counsel's representation must also be considered in tandem with the deference that must be accorded state court decisions, which has been referred to as "doubly" deferential. *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 788, 178 L. Ed.2d 624 (2011). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. "If the standard is difficult to meet, that is because it was meant to be." *Id*. at 786; *see also Morales v. Thaler*, 714 F.3d 295, 302 (5th Cir. 2013).

The Court of Criminal Appeals adopted the trial court's findings when it denied Petitioner's state writ, including its finding that Petitioner cannot show prejudice for trial counsel's alleged deficient performance. To obtain federal habeas relief on this matter, Petitioner must show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). He has failed to do so.

The state habeas court noted that the complainant testified of oral and vaginal sex with Petitioner eight to ten times at Petitioner's apartment in Denton County, and that the jury was instructed that it could not convict unless it found by a preponderance of the evidence that the charged offenses happened in Denton County. It concluded that there was no danger that the jury

convicted Petitioner with a nonunanimous verdict based on the testimony given that Applicant had oral and vaginal sex multiple times with the complainant at Petitioner's apartment. It also concluded that as to the third count, "there is no serious doubt that the State would have elected Applicant's apartment as the location, had it been forced to elect, since the complainant's testimony about what happened eight to ten times at Applicant's apartment would have sufficed to convict under all three alleged offenses." *Ex parte Vega*, Application No. WR 72,986-01, at 88. It also found that Petitioner has not, and cannot show prejudice. *Id*, at 89. Petitioner has failed to rebut the presumption of correctness afforded the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. He also has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, — U.S. —, 131 S. Ct. at 784.

In sum, Petitioner has failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has also failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. A petitioner's burden must be met by showing there was no reasonable basis for the state court to deny relief. *Richter*, — U.S. —, 131 S. Ct. at 784. Petitioner has not met his burden.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having

made a *de novo* review of the objections raised by Petitioner to the Report, the court concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the court. It is accordingly

**ORDERED** that the petition for writ of habeas corpus is **DENIED** and Petitioner's case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Finally, it is

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **11** day of **September, 2014.**

_____
Ron Clark, United States District Judge